**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.**

**WOOD GROUP PSN, INC.**

**Defendant.**

**CIVIL ACTION NO:**

**COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), and files its Complaint and Jury Demand. The EEOC respectfully avers as follows:

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADAAA" or "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Calvin J. McKelroy ("McKelroy"), who was adversely affected by Defendant's discriminatory practice of failing to hire him for the position of Production Operator on the basis of a disability in June 2015, and to prevent further occurrence of such practices.

**JURISDICTION AND VENUE**

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,

and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADAAA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within Louisiana. Venue is proper in this Court.

**PARTIES**

3.

The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Wood Group PSN, Inc. ("Defendant" or "Wood Group"), has continuously been a corporation organized under the laws of the State of Nevada doing business within the state of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADAAA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

At least since May 2015, Defendant has engaged in conduct in Louisiana which violates the ADA.

8.

More than thirty (30) days before the institution of this lawsuit, Mr. McKelroy filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.

9.

On March 23, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to

join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.

The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.

The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.

On August 24, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.

All conditions precedent to the initiation of this lawsuit have been fulfilled.

14.

Mr. McKelroy has at all times relevant been a "qualified individual" with a "disability" within the meaning of the ADA.

15.

Mr. McKelroy is a type I insulin-dependent diabetic whose impairment affects his major

life activities, including endocrine function.

16.

In May 2015, Mr. McKelroy worked for an offshore drilling platform for Grand Isle Shipyard.

17.

Mr. McKelroy worked for Grand Isle Shipyard as a type I insulin-dependent diabetic without incident and took necessary precautions to ensure his safety.

18.

In May 2015, Fieldwood Energy, one of Defendant's clients, changed staffing contractors for the platform on which Mr. McKelroy had been working from Grand Isle Shipyard to Wood Group PSN.

19.

Because of the transition referred to in Paragraph 18 above, Mr. McKelroy was required to complete a new job application and undergo a physical to maintain his employment.

20.

Mr. McKelroy's employment was contingent on his successfully passing a pre-employment medical examination.

21.

In June 2015, Mr. McKelroy went to Acadiana Center for a pre-employment examination.

22.

Dr. F. Baniewicz was the physician who conducted the pre-placement examination.

23.

Dr. Baniewicz determined that Mr. McKelroy was employable.

24.

Mr. McKelroy passed the physical exam.

25.

On June 3, 2015, Mr. McKelroy was notified by a project manager for Wood Group that Wood Group would not hire him because of the purported risk posed by his disability.

26.

Mr. McKelroy attempted to contact the project manager referred to in Paragraph 25 above to ask if there was any way he could remain employed.

27.

At all times relevant, Mr. McKelroy was able to perform the essential functions of the offshore technician position, with or without accommodation.

28.

Defendant was aware that Mr. McKelroy had performed substantially similar work in the past without need of an accommodation and without incident.

29.

Defendant did not conduct an individualized assessment to determine whether Mr. McKelroy could perform the essential functions of the job with or without accommodation, nor whether accommodations were possible if needed.

30.

Defendant unlawfully denied employment to Mr. McKelroy because of his disability within the meaning of the ADA.

31.

Defendant unlawfully denied employment to Mr. McKelroy on the basis of his being regarded as having a disability within the meaning of the ADA.

32.

Defendant unlawfully discriminated against Mr. McKelroy on the basis of a disability within the meaning of the ADA when it failed to hire him.

33.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or reckless indifference to Mr. McKelroy's federally protected rights.

34.

The unlawful employment practices complained of herein have caused Mr. McKelroy to suffer economic injuries, including lost wages, and nonpecuniary losses.

35.

The unlawful employment practices complained of herein were intentional.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Gant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from failing to hire on the basis of a disability within the meaning of the ADAAA, and from any other employment practice which discriminates on the basis of a disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices, including but not limited to training of personnel and reporting to the Commission concerning compliance with the ADA;

C. Order Defendant to make Mr. McKelroy whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Mr. McKelroy whole by providing compensation for past

and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial, and by providing compensation for past and future pecuniary losses resulting from Defendant's unlawful practices;

E. Order Defendant to pay Mr. McKelroy punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

F. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its cost of this action.

**JURY TRIAL DEMAND**

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**RUDY SUSTAITA**

Regional Attorney
No Bar Roll Number Assigned
Equal Employment
Opportunity Commission
Houston District Office
1919 Smith Street 7th floor,
Houston, Texas, 77002
Direct: (713) 651-4970
rudy.sustaita@eeoc.gov

**GREGORY T. JUGE**
Supervisory Trial Attorney
LA Bar Roll No. 20890
(504) 676-8239
gregory.juge@eeoc.gov

/s/ Alexandra Navarre-Davis

**ALEXANDRA NAVARRE-DAVIS, T.A.**
Trial Attorney
LA Bar Roll No. 35000
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
500 Poydras Street Suite 809

New Orleans, LA 70130
Direct:(504)595-2914
Fax: (504) 595-2886
alexandra.navarre-davis@eeoc.gov

**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**REGISTERED AGENT**
**FOR SERVICE OF PROCESS:**
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802